1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

| | |
|---|---|
| STEVEN TRUBOW, an individual, MMAS RESEARCH, LLC, a Washington limited liability company | NO. |
| Plaintiffs, | |
| v. | COMPLAINT |
| DONALD MORISKY and SUSAN MORISKY, husband and wife, PHILLIP MORISKY, an individual, MARTY MORISKY, an individual, and MORISKY MEDICATION ADHERENCE RESEARCH, LLC, a Nevada limited liability company. | |
| Defendants. | |

10

11

12

13

14

15

16

17

18

19    Plaintiffs Steven Trubow and MMAS Research, LLC, by and through their

20    attorney of record, Christina Haring-Larson of Eagle Harbor Law PLLC, allege and

21    state as follows:

22                                    **I.    THE PARTIES**

23

24

COMPLAINT – 1

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

1          1.      Plaintiff Steven Trubow ("Trubow") is an individual and member of a

2   limited liability company formed in Washington under the name of MMAS Research,

3   LLC ("MMAS Research"). Trubow conducts business in King County, Washington.

4          2.      Plaintiff MMAS Research is a Washington limited liability company

5   formed by filing with the Washington Secretary of State in December 2016. Plaintiff

6   Trubow and Defendant Donald Morisky were each fifty-fifty members of the LLC.

7   MMAS Research is a business that licenses copyrights and trademarks known as: the

8   Morisky Widget, MMAS-8, MMAS-4, the Morisky Medication Adherence Scale, and

9   the Morisky Medication Adherence Protocol. MMAS Research is in the business of

10  marketing, training, and selling licenses globally for the Morisky Widget and related

11  intellectual property, which are used as a clinical medication adherence protocol at

12  hospitals, clinics, pharmaceutical firms and universities. MMAS Research's principal

13  office address is located in Bellevue, Washington.

14         3.      Defendant Donald Morisky ("Donald Morisky") is an individual and

15  former fifty percent (50%) member of MMAS Research. Defendant Donald Morisky

16  withdrew as a member of MMAS Research effective June 21, 2019. Morisky transacts

17  business in King County, Washington. Dr. Donald Morisky developed a research tool

18  called the "MMAS-8," which is a hard copy/paper medical adherence tool used for

19  measuring medication adherence.

20         4.      Defendant Susan Morisky is married to Donald Morisky and has made,

21  on information and belief, certain relevant communications to the claims herein

22  involving: MMAS Research, her husband's relationship with MMAS Research and the

23  MMAS-8 license. Defendant Susan Morisky resides in Las Vegas, Nevada, but has, on

24  information and belief, also transacted business in Washington.

COMPLAINT – 2

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

5.      Defendant Morisky Medication Adherence Research, LLC is a Nevada limited liability company, formed on or about January 22, 2019. The members of Morisky Medication Adherence Research, LLC are, on information and belief, Defendants Donald and Susan Morisky and their sons, Phillip Morisky and Marty Morisky.

6.      Defendants Phillip Morisky and Marty Morisky are sons of Defendants Donald and Susan Morisky. On information and belief, Phillip Morisky and Marty Morisky reside in Las Vegas, Nevada, but also transact business in Washington.

## II.      JURISDICTION & VENUE

7.      Under RCW 2.08.010 and the applicable Washington case law, this Court has jurisdiction over both the parties and the subject matter of this lawsuit because all parties conducted business in King County, MMAS Research's principal office address is located in Washington, and some of the acts and transgressions giving rise to the parties' dispute occurred in King County, Washington.

8.      Venue is proper with this Court under RCW 4.12.025 because the parties transact business in the State of Washington, MMAS Research is a Washington limited liability company, and some of the underlying facts asserted herein took place in Washington.

## III.      FACTS GIVING RISE TO THIS ACTION

9.      MMAS Research was formed with the Washington Secretary of State on December 21, 2016. The two members of MMAS Research were Plaintiff Trubow, as a fifty percent member, and Defendant Donald Morisky, also as a fifty percent member. MMAS Research is a member-managed LLC.

COMPLAINT – 3

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

10.     Defendant Donald Morisky contributed to MMAS Research the license for derivative (electronic) works of the MMAS-8, but he retained the right to use the MMAS-8 in a hard copy/paper format.

11.     MMAS Research has the legal authority to license to third parties all of the copyrights and trademarks registered or referred to as: the Morisky Widget, MMAS-8 (for derivative electronic works), MMAS-4, the Morisky Medication Adherence Scale, and the Morisky Medication Adherence Protocol.

12.     Plaintiff Trubow contributed to MMAS Research his own personal sweat equity, which included his own prior business experience, operational know-how, and his own management time and effort to develop medical adherence software product for hospitals, pharmaceutical firms, universities and clinical research organizations. Plaintiff Trubow also managed MMAS Research's day-to-day business operations and expenses, provided the necessary training and certification to third party licensees, and investigated certain intellectual property infringement claims on behalf of MMAS Research and Donald Morisky.

13.     Over the past three years, MMAS Research, mostly through Trubow's active day-to-day efforts, has certified users and licensed MMAS Research's intellectual property rights to be used as a software product by various hospitals, pharmaceutical firms, universities and clinical research organizations. MMAS Research issues perpetual licenses in the North America, Europe, Africa and Asia. Trubow has issued, on MMAS Research's behalf, hundreds of licenses for the Morisky Widget and related intellectual property.

14.     Along with MMAS Research's marketing and licensing program, Plaintiff Trubow has generated another substantial revenue source for Plaintiff MMAS

COMPLAINT  – 4

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

Research and Defendant Donald Morisky through the investigation and prosecution of claims against third parties for intellectual property infringement. These claims have resulted in a number of settlement agreements that have been finalized, but not yet signed by Defendant Donald Morisky.

15.     On or about November 21, 2018, Defendant Donald Morisky paid himself $80,000 from MMAS Research's banking account without prior disclosure to Plaintiff Trubow or obtaining member approval. No legitimate business purpose for such payment has been disclosed to date.

16.     In January 2019, Defendants Donald Morisky and Susan Morisky began demanding additional payments from MMAS Research. Although Defendant Donald Morisky never actively worked on a day-to-day basis for MMAS Research, MMAS Research paid equal distributions of fifty percent to each member.

17.     On or about January 22, 2019, Defendants Donald Morisky, Susan Morisky, Phillip Morisky and Marty Morisky formed a limited liability company in Nevada called the Morisky Medication Adherence Research, LLC ("Morisky Medication Adherence Research"). Defendants Donald and Susan Morisky never disclosed to Plaintiff Trubow their intentions to form this LLC or the existence of this Nevada LLC. MMAS Research's attorney later discovered the existence of this new entity registered by Defendant Donald Morisky. Plaintiffs then discovered certain legal and other expenses for Morisky Medication Adherence Research were being paid through MMAS Research's banking account.

18.     In February 2019, Defendants Donald and Susan Morisky complained to Plaintiff Trubow about the addition of an employee to MMAS Research's payroll. In an email dated February 14, 2019, Plaintiff Trubow volunteered to pay this employee

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

out of his own share of MMAS Research's quarterly distributions and then stated that

Defendant Donald Morisky could "withdraw from MMAS Research, LLC....but you

will give up your 50% ownership in the Morisky Widget."

19.    In March 2019, Defendant Donald Morisky asked that his two sons,

Defendants Phillip Morisky and Marty Morisky, be trained on use of the Morisky

Widget and any related MMAS Research intellectual property. Plaintiff Trubow

agreed and Defendants Phillip Morisky and Marty Morisky were trained thereafter.

20.    From January through July 2019, Plaintiff MMAS Research continued

its ongoing business operations. MMAS Research also paid Defendant Donald

Morisky's unrelated personal and business expenses, including expenses associated

with his personal credit card, UCLA related network charges, personal transportation

expenses, and legal and corporate registration expenses associated with forming the

then-undisclosed Morisky Medication Adherence Research.

21.    On information and belief, Defendants have intentionally induced or

caused the termination of certain licensees, customer confusion as to the authority and

property licensing for MMAS Research's Morisky Widget and related intellectual

property, and/or diversion of existing and potential licensees away from MMAS

Research.

22.    On June 21, 2019, Defendant Donald Morisky wrote an email to

Plaintiff Trubow claiming that he was "withdrawing as a member of MMAS

Research" in response to the February 14, 2019 email he had received four months

earlier from Plaintiff Trubow.

COMPLAINT – 6

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

23.    On June 25, 2019, Defendant Donald Morisky filed with the Washington Secretary of State an Amended Annual Report reporting that he no longer was a member or governor of MMAS Research.

24.    Defendant Donald Morisky has dissociated as a member from MMAS Research.

25.    Pursuant to RCW 25.15.131(4), "a person's dissociation as a member of a limited liability company does not of itself discharge the person from any debt, obligation or other liability to the limited liability company or the other members which the person incurred while a member."

26.    Defendant Donald Morisky, as a former member, has certain ongoing debts, obligations and/or liabilities to MMAS Research and/or Trubow that have not been satisfied or otherwise discharged, including: signing settlement agreements, repayment of amounts owed to MMAS Research and/or taken without Trubow's consent, the formal transfer of certain ownership rights for certain intellectual property rights to MMAS Research, and continuing licensing obligations to MMAS Research's licensees.

27.    Certain disputes exist between the parties as to the nature and extent of Defendant Donald Morisky's debts, obligations and/or liabilities, including but not limited to: the parties respective rights' to use the Morisky Widget and associated intellectual property rights, settlement of certain ongoing intellectual property lawsuits/disputes, MMAS Research's payments for certain personal expenses of Defendant Donald Morisky, Defendants' attempts to solicit and/or divert licensees to Defendant Morisky Medication Adherence Research, continuing licensing obligations

COMPLAINT – 7

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

1

2

to MMAS Research's licensees, and outstanding tax obligations for MMAS Research and/or its members.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

28.    On or about July 3, 2019, Defendant Phillip Morisky sent an email to a licensee who was in the process of formalizing a license agreement with Plaintiff MMAS Research. Defendant Phillip Morisky's email expressly solicited a license agreement on behalf of Defendant Morisky Medication Adherence for the "Morisky Protocol." Defendant Phillip Morisky signed his email as the "SVP [Senior Vice President] Global Initiatives" for "Morisky Adherence Research Institute" and his email solicited the MMAS Research's licensee to instead be a licensee of the newly formed Nevada LLC. Attached to his email, Defendant Phillip Morisky used an application form that was substantially similar to the same form that Plaintiff MMAS Research used for the Morisky Widget licenses. In response to Defendant Phillips Morisky's email, that same licensee sent Defendant Phillip Morisky's email with the completed application form back to Defendant Phillip Morisky, but then also copied Plaintiff Trubow at MMAS Research since he was the prior contact for the Morisky Widget license.

17

18

19

20

21

22

23

24

29.    Later that same date and just over six hours later, Defendant Donald Morisky sent numerous emails dated July 10, 2019 directed to many of MMAS Research's licensees with identical language stating as follows:

Effective June 21, 2019, I, Dr. Donald E. Morisky, SOLE OWNER, DEVELOPER, LICENSOR OF THE COPYRIGHTED MMAS 4 & 8 scales, have terminated/severed my ties with Steve Trubow/MMAS Research, LLC. USE OF COPYRIGHT MMAS IS PROTECTED BY US COPYRIGHT LAWS. PERMISSION FOR USE IS REQUIRED.

COMPLAINT – 8

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

A LICENSE AGREEMENT IS AVAILABE FROM:

DMORISKY@GMAIL.COM.

30.     On information and belief, the July 10, 2019 emails to MMAS Research's licensees referenced in the preceding paragraph were written and sent by Defendant Susan Morisky. On information and belief, a number of other similar emails to MMAS Research's existing or potential new licensees may have been sent.

31.     In response to Defendant Donald Morisky's July 10, 2019 emails, numerous licensees of MMAS Research have inquired with business concerns and questions about the continued legal authority to use the Morisky Widget and related intellectual property. Many of MMAS Research's licensees have expressed confusion as to the meaning and intent of Defendant Donald Morisky's July 10, 2019 emails.

32.     On information and belief, some of MMAS Research's existing licensees and potential new licensees are now attempting to contact and license MMAS Research's intellectual property from Defendant Donald Morisky, Defendant Morisky Medication Adherence Research, LLC, and/or Defendants Susan Morisky, Phillip Morisky and Marty Morisky.

33.     On information and belief, Defendants are actively seeking to divert, solicit and transfer MMAS Research's licensees to their own newly formed Nevada LLC known as Morisky Medication Adherence Research.

**IV.     FIRST CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**
**(AGAINST DEFENDANT DONALD MORISKY)**

34.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 herein.

COMPLAINT – 9

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

35.     As a member of a limited liability company, Defendant Donald Morisky owed fiduciary duties to Trubow and MMAS Research. Defendant Donald Morisky's fiduciary duties included: the duty of loyalty, the duty of care, the duty not to compete, the duty to avoid secret profits, and the duty not to engage in self-dealing and/or conflicts of interest.

36.     As a direct and proximate result of Defendant Donald Morisky's conduct, as described and set forth above, Defendant Donald Morisky has breached his fiduciary duties to Plaintiffs. Defendant Donald Morisky's breaches of fiduciary duties include, without limitation, his undisclosed formation of a competing Nevada LLC, attempts to divert, solicit or confuse existing and potential new licensees of MMAS Research for his own personal gain or profit, and diverting funds from the MMAS Research's banking account for his own benefit and personal use.

37.     As an actual and proximate result of such actions and/or breaches, Plaintiffs have suffered damages in an amount to be proven at trial.

### V.     SECOND CAUSE OF ACTION –TORTIOUS INTERFERENCE
### (AGAINST ALL DEFENDANTS)

38.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 37 herein.

39.     At the time Defendants formed the Nevada LLC known as Morisky Medication Adherence Research, LLC, Plaintiffs Trubow and MMAS Research had business relationships and/or expectancies of future economic benefits from their existing, ongoing business activities.

40.     Defendants knew of the existence of those business relationships and/or expectancies of future economic benefits at the time of their acts.

COMPLAINT  – 10

EAGLE HARBOR LAW PLLC
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

41.     Defendants intentionally induced or caused the termination of certain licensees, customer confusion as to the authority and proper source for licensing MMAS Research's Morisky Widget and other intellectual property, and/or diversion of existing and potential new licensees away from MMAS Research.

42.     Defendants' interference was for an improper purpose or by improper means.

43.     The conduct of Defendants was the proximate cause of damages to Plaintiffs Trubow and MMAS Research, the exact amount of which will be proven at trial.

## VI.     THIRD CAUSE OF ACTION – INJUNCTIVE RELIEF
## (AGAINST ALL DEFENDANTS)

44.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 herein.

45.     Plaintiffs have a clear legal and equitable right to market and license the Morisky Widget and related intellectual property to their existing and potential new licensees.

46.     Defendants communications with MMAS Research's existing and potential new licensees has caused customer confusion and, on information and belief, termination of certain ongoing licenses. Plaintiffs will suffer actual and substantial injury if an injunction against Defendants is not entered.

47.     Based on the Court's equity and any other basis provided under the law, Plaintiffs seek the Court's order enjoining Defendants from contacting, communicating, or otherwise soliciting MMAS Research's existing licensees or potential new licenses for any purposes related to the Morisky Widget and MMAS

COMPLAINT – 11

EAGLE HARBOR LAW PLLC
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

Research's other intellectual property and ordering Defendants to cease and desist from stating or implying in any form that the existing MMAS Research license agreements are terminated.

48.     Temporary and preliminary injunctive relief are necessary and appropriate to protect Plaintiffs from Defendants' wrongful conduct.

## VII.   FIFTH CAUSE OF ACTION - DECLARATORY RELIEF

49.     Plaintiff realleges and incorporates by reference paragraphs 1 through 48 herein.

50.     An actual and present controversy has arisen and now exists between the parties regarding Defendant Donald Morisky's ongoing debts, obligations and/or liabilities, as a former member, to Plaintiff MMAS Research and/or Plaintiff Trubow.

51.     Pursuant to RCW 7.24.010 *et seq.* and in equity, Plaintiffs seek a judicial determination that Plaintiffs have the sole authority to license the Morisky Widget and the related intellectual property, collect monies owed for such licenses, and settle outstanding lawsuits and liabilities involving this intellectual property and these licenses. Plaintiffs also seek declaratory relief that MMAS Research is the owner of the Morisky Widget and related intellectual property.

52.     Plaintiff requests a speedy hearing on the Court's calendar to declare Plaintiff MMAS Research the owner of all Morisky Widget and related intellectual property and/or to declare, pursuant to RCW 25.15.131(4), the extent of Defendant Donald Morisky's ongoing debts, obligations and/or liabilities, as a former member, to MMAS Research and/or Trubow that have not been satisfied or otherwise discharged, including: signing settlement agreements, repayment of amounts owed to MMAS Research and/or taken without Trubow's consent, the formal transfer of certain

COMPLAINT – 12

EAGLE HARBOR LAW PLLC
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

ownership rights for certain intellectual property rights to MMAS Research, and the

extent of any continuing licensing obligations to MMAS Research's licensees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief in her

favor:

A.      For judgment against Defendants and in favor of Plaintiffs on any and

all the claims raised in Plaintiff's Complaint for damages in an amount to be proven at

trial;

B.      For an order of injunctive relief enjoining Defendants from contacting,

communicating, or otherwise soliciting MMAS Research's existing licensees or

potential new licenses for any purposes related to the Morisky Widget and related

intellectual property and ordering Defendants to cease and desist from stating or

implying in any form that the existing MMAS Research license agreements have been

terminated.

C.      For a decree of declaratory relief ordering that Plaintiff Trubow has sole

authority to act on behalf of the MMAS Research in its efforts to license the Morisky

Widget and the related intellectual property, collect monies owed for such licenses,

settle outstanding lawsuits and liabilities involving the intellectual property and these

licenses, and/or to declare the extent of Defendant Donald Morisky's ongoing debts,

obligations and/or liabilities, as a former member, to MMAS Research and/or Trubow

that have not been satisfied or otherwise discharged, including: signing settlement

agreements, repayment of amounts owed to MMAS Research and/or taken without

Trubow's consent, the formal transfer of certain ownership rights for certain

intellectual property rights to MMAS Research, and continuing licensing obligations to

COMPLAINT – 13

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

MMAS Research's licensees..

      D.     For an award of attorneys' fees and costs incurred in this action to the extent allowed by law or in equity; and

      E.     For such other further relief as the Court deems just and equitable.


DATED this 29th day of July, 2019.

**EAGLE HARBOR LAW PLLC**


By: */s Christina Haring-Larson*
    Christina Haring-Larson, WSBA #30121
    Eagle Harbor Law, PLLC
    107 Spring Street
    Seattle, WA 98104
    Tel: (206) 632-4242
    Email: christina@eagleharborlaw.com

    Attorneys for Plaintiffs Steven Trubow and MMAS Research, LLC

COMPLAINT – 14

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# CERTIFICATE OF SERVICE

I, Christina Haring-Larson, certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am an attorney with the law firm of Eagle Harbor Law, PLLC.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the foregoing document in the manner noted on the following:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| *Attorneys for Defendants*<br><br>Chris Mason<br>Smyth & Mason, PLLC<br>1000 Second Ave., Suite 3000<br>Seattle, Washington 98104<br>Email: cmason@smythlaw.com | ☐   Hand Delivery<br>☐   Certified Mail<br>☐   Facsimile<br>☒   E-mail<br>☒   Mandatory E-filing; King County Local General Rule 30 |

DATED this 29th day of July, 2019 at Seattle, Washington.

**EAGLE HARBOR LAW PLLC**

By: */s/ Christina Haring-Larson*
        Christina Haring-Larson

COMPLAINT – 15

**EAGLE HARBOR LAW PLLC**
107 SPRING STREET
SEATTLE, WA 98104
(206) 632-4242