UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN TRUBOW, an individual, MMAS RESEARCH, LLC, a Washington limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>DONALD MORISKY and SUSAN MORISKY, husband and wife, PHILLIP MORISKY, an individual, MARTY MORISKY, an individual, and MORISKY MEDICATION ADHERENCE RESEARCH, LLC, a Nevada limited liability company.<br>Defendants. | No. 2:19-cv-01670-RAJ<br><br>**ORDER GRANTING MOTION TO REMAND** |

This matter is before the Court on Plaintiffs' motion to remand. Dkt. # 15. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Plaintiffs' motion is **GRANTED**. Dkt. # 15.

ORDER-1

# I. BACKGROUND

This case involves a dispute between members of a Washington limited liability company, MMAS Research LLC ("MMAS Research"). Dkt. # 1-1. Plaintiff Steven Trubow and Defendant Donald Morisky were each members of MMAS Research. According to Plaintiffs, MMAS Research "licensed the copyrights and trademarks known as the Morisky Widget, MMAS-8, MMAS-4, the Morisky Mediation Adherence Scale and the Morisky Medication Adherence Protocol." Dkt. # 1-1 at ¶ 2. In June 2019, Mr. Morisky purportedly withdrew as a member of MMAS Research and gave up his 50% ownership rights in the Morisky Widget. Dkt. # 1-2 at ¶ 22. Mr. Morisky also formed a new Nevada LLC, Morisky Medication Adherence Research, LLC ("MMAR"). Dkt. # 1-1 at ¶ 17.

On July 27, 2019, MMAS Research and Plaintiff Trubow filed suit in King County Superior Court, alleging breach of fiduciary duty and tortious interference claims and seeking injunctive and declaratory relief. Dkt. # 1-1. Defendants Donald and Susan Morisky and MMAR were served with the complaint on August 7, 2019. Dkt. ## 14-41, 14-42. The parties proceeded to litigate the case in state court for the next three months. Defendants filed a motion for a protective order, which was denied, and a motion to dismiss Defendant Susan Morisky for lack of personal jurisdiction. Dkt. ## 14-15, 14-27. The state court reserved ruling on the motion to dismiss pending additional discovery. Dkt. ## 14-39, 14-40.

On October 10, 2019, Plaintiffs filed a motion for entry of default, because Defendants Donald and Susan Morisky had not filed an answer to the complaint. Dkt. # 14-45. In response, the Moriskys filed an answer and asserted federal copyright and trademark counterclaims. Dkt. # 1-2. On October 17, 2019, the Moriskys also filed a notice of removal with this Court. Dkt. # 1. Defendants argue that their federal copyright and trademark counterclaims raise a federal question under 28 U.S.C. § 1331. Plaintiffs now move to remand. Dkt. # 15.

ORDER-2

## II. DISCUSSION

### A. <u>Timeliness of Removal</u>

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. "Federal courts are courts of limited jurisdiction." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *1 (W.D. Wash. July 27, 2016). A district court has "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Section 1454 of Title 28 provides an independent additional avenue of removal. That section allows removal of any "civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights . . ." 28 U.S.C. § 1454. This provision was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent [or copyright] laws <u>even</u> when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis in original). Courts resolve doubts about a federal court's limited jurisdiction against the exercise of jurisdiction. *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.").

Although Plaintiff's complaint alleges only state law claims, Defendants argue that their federal counterclaims confer federal jurisdiction over this matter. The Court need not consider whether this case raises a federal question, however, because Defendants' removal was untimely. Under either removal statute, Defendants' removal must still comply with § 1446(b), which requires defendants to remove state-court actions to federal court within thirty days of receiving an initial pleading or other document that reveals a basis for removal. *Jordan v. Nationstar Mortg.* LLC, 781 F.3d

ORDER-3

1178, 1179 (9th Cir. 2015).  In this case, Defendants filed their notice of removal more than thirty days after service of Plaintiffs' complaint.  However, Defendants argue that it was not until they received Plaintiffs' August 27, 2019 discovery request that they identified a basis for removal, and that they promptly moved to remove the action to federal court (albeit still three weeks late).  Dkt. # 27 at 7.

Here, the primary dispute centers around Plaintiffs' definition of the "Morisky Widget."  In the complaint, Plaintiffs alleged "MMAS Research has the legal authority to license to third parties all of the copyrights and trademarks registered or referred to as: the Morisky Widget, MMAS-8 (for derivative electronic works), MMAS-4, the Morisky Medication Adherence Scale, and the Morisky Medication Adherence Protocol."  Dkt. # 1-1 at ¶ 11.   Defendants argue, however, that a subsequent discovery request materially altered the definition of Morisky Widget.  Specifically, Plaintiffs' August 27, 2019 discovery request defined Morisky Widget as:

> The term 'Morisky Widget' means the copyrights and trademarks referred to as: the Morisky Widget, MMAS-8, MMAS-4, the Morisky Medication Adherence Scale, and the Morisky Medication Adherence Protocol and any related intellectual property, including both registered and unregistered copyrights and trademarks, derivatives, electronic applications and software code.

See Dkt. #14-33 at 23.  According to Defendants, this subsequent, more detailed definition of "Morisky Widget" revealed for the first time the "changed definition" of the Morisky Widget "hidden" in Plaintiffs' discovery requests.  Dkt. # 27 at 8.

The Court is unconvinced.  Plaintiffs' August discovery request did not materially alter the scope of Plaintiffs' complaint or the requested relief.  Defendants argue that it is only now clear that Plaintiffs seek to enjoin Defendants from the use of Dr. Morisky's intellectual property.  Dkt. # 27 at 10.  But Plaintiffs' complaint repeatedly references disputes relating to ownership of the Morisky intellectual property.  *See, e.g.* Dkt. # 1-1 ¶ 26 ("Defendant Donald Morisky, as a former member, has certain ongoing debts, obligations and/or liabilities . . . including . . . the formal

ORDER-4

transfer of certain ownership rights for certain intellectual property rights to MMAS Research . . ."); *see also* Dkt. # 1-1 at ¶ 52 ("Plaintiff requests a speedy hearing on the Court's calendar to declare Plaintiff MMAS Research the owner of all Morisky Widget and related intellectual property . . ."); Dkt. # 1-1 at 27 (Certain disputes exist between the parties as to the nature and extent of Defendant Donald Morisky's debts, obligations and/or liabilities, including but not limited to: the parties respective rights to use the Morisky Widget and associated intellectual property rights . . ."). Defendants' argument that they could not possibly foresee that ownership of the Morisky Widget and "related intellectual property" was an issue in this case strains reason. Even if Plaintiffs did not explicitly assert copyright claims, Defendants' purported basis for removal was clearly ascertainable from the complaint at the time it was filed.

Defendants contend that removal is timely because 28 U.S.C. § 1454(b) allows an extension of the 30–day period for "cause shown." "While there is no authority on what constitutes 'cause shown' under 28 U.S.C. § 1454(b)(2) to extend the 30–day time period to remove, at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused." *SnoWizard, Inc. v. Andrews*, No. CIV.A. 12-2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013). Here, Defendants offer no excuse for their delay in seeking removal, beyond their tenuous claim that Plaintiffs' August discovery request somehow materially altered the scope of the relief requested and raised issues "arising under" federal copyright law that were previously "concealed" by Plaintiffs. Dkt. # 27 at 4. As discussed above, this argument is without merit. Defendants were on notice of the basis for removal when this action was initially filed.[1]

---

[1] Whether Plaintiffs are actually seeking the relief Defendants claim they are seeking is irrelevant. The fact remains – Defendants' basis for removing this action to federal court was ascertainable from the initial complaint.

ORDER-5

In cases like these, it is critical that courts consistently apply the procedural requirements of 28 U.S.C. § 1446 and 28 U.S.C. § 1454 to ensure that parties are not permitted to manipulate these statutes to gain a tactical advantage. Because Defendants have not established cause warranting their delay in filing for removal, Plaintiffs' motion to remand is GRANTED.

## B. Attorney's Fees

In their motion to remand, Plaintiffs also request attorney's fees and costs due to improper removal. A party may be sanctioned for its removal under 28 U.S.C. 1447(c), which states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447. However, a district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is not the case here. Because it cannot be said Defendants lacked an "objectively reasonable basis" for seeking removal, Plaintiffs' request for attorney's fees and costs is DENIED.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Dkt. # 15. This case is **REMANDED** to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.


DATED this 26th day of March, 2020.

_____

_____
The Honorable Richard A. Jones
United States District Judge

ORDER-6